The CITY OF STILLWATER, Oklahoma, a municipality, and the Stillwater Utilities Authority, a public trust with the City of Stillwater as beneficiary thereof, Appellants.

v.

CENTRAL RURAL ELECTRIC COOPERATIVE, a corporation, Appellee.

No. 88819.

Court of Civil Appeals of Oklahoma, Division No. 4.

June 30, 1997.

Lynn C. Rogers Rogers Law Offices, PLLC, Norman, for Appellants.

H.M. Wyatt, III, Stillwater, for Appellee.

REIF, Judge.

■ This appeal concerns the scope of service that a rural electric cooperative may continue to provide within an annexed area that the co-op was serving prior to the municipal annexation. This question arose from a dispute between the City of Stillwater and Central Rural Electric Cooperative over Central's authority to provide service to a new customer that was planning to locate in an annexed area that Central was serving at the time of its annexation by the City of Stillwater. The City and its Utility Authority acknowledge that Central and other rural electric co-ops have express statutory authority "to continue and extend the furnishing of electric energy ... in such [annexed] area." 18 O.S.1991 § 437.2(k). They contend, however, that this authority merely allows a co-op to carry on and expand, if necessary, the service to customers and consumers that a co-op had at the time of annexation. They argue that the continued authority of a rural electric co-op in an annexed area must be given this limiting construction to prevent costly duplication of services. City and the Utility Authority believe the instant case is a good example. They point out that they already have an electric line running across the affected property, whereas Central must literally "extend" its lines and facilities to reach and serve the property.

■ The restrictive interpretation advanced by City is grounded more in logic, however, than on the statutory language. The authority of a co-op in an annexed area is to (1) continue and (2) extend *the furnishing of electrical energy*. The scope of authority "to ... extend the furnishing of electric energy in such [annexed] area" turns on the meaning of the word "extend." According to *Black's Law Dictionary*, 523 (5th ed.1979), "Extend ... lends itself to great

variety of meanings, which must in each case be gathered from context." Used in context with "furnishing of electric energy," it is reasonably clear that the legislature employed "extend" in the sense of "to expand, enlarge, prolong, lengthen, widen, carry or draw out *further than the original limit*," *id.*, or "to cause to be of greater area or volume [as in] ENLARGE," *Websters Dictionary*, 405 (1974).

 One of the manifest purposes of allowing a co-op to extend its services, in addition to continuing its existing services, is to give consumers in an annexed area a choice of electrical service providers, until such time as the municipality decides to exercise exclusive service authority by purchase or condemnation of the co-op's facilities. Significantly, a co-op's authority "to ... extend the furnishing of electric energy" under section 437.2(k), is an exception to the prohibition in 11 O.S.Supp.1996 § 21–121, against a rural electric cooperative "furnish[ing] retail electric service to an electric consuming facility which is currently being served, or which was being served [with facilities in place] by a municipal corporation or public trust thereof or a rural electric cooperative." That is, after annexation, a rural electric co-op may even extend the furnishing of electrical energy to electrical consuming facilities in the annexed area that were being served or were formerly being served by the annexing municipality. The potential for duplication of services and facilities in an annexed area was of considerably less concern to the legislature than ensuring a choice of electrical providers by *all* consumers in the annexed area. Accordingly, new consumers who locate within the annexed area after annexation are to be accorded the same choice.

 In the absence of anything in the foregoing statutes to indicate a contrary intention, this court must give them an interpretation consistent with the plain meaning of the words employed, the context in which the words are used, and the subject to which they refer. The policy reasons that the City and its Utility Authority advance in support of its limiting construction of section 437.2(k) are more properly addressed to the legislature rather than the courts. The summary

judgment grant of declaratory relief in favor of Central Rural Electric Cooperative affirming its statutory authority to extend service to the new customer and denial of injunctive relief to the City of Stillwater and its Utilities Authority to prevent Central's extension of service is affirmed.

AFFIRMED.

TAYLOR, V.C.J., and GOODMAN, P.J., concur.